# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

BERNARD E. JOHNSON, JR., as
Parent of, and ELVIRA LOWMAN,
as Guardian of, B.E.J. III, a
minor,

    Plaintiff,

v.

LIBERTY COUNTY, Georgia,
LIBERTY COUNTY SHERIFF'S
DEPARTMENT, LIBERTY COUNTY
SCHOOL DISTRICT and BOARD OF
EDUCATION, SHERIFF STEVE C.
SIKES, DEPUTY M. GARY
RICHARDSON, JANELLE CHARLERY
(teacher), WARNELLA WILDER
(administrator), AND GLENN
WILSON (administrator),

    Defendants.

FILED
Scott L. Poff, Clerk
United States District Court

By casbell at 3:08 pm, Apr 11, 2019

CV 4:18-216

## ORDER

Before the Court are two motions: (1) Defendants Liberty County Sheriff's Department,[1] Liberty County, Georgia, M. Gary Richardson, and Steve C. Sikes' Motion to Dismiss Plaintiffs' Amended Complaint, dkt. no. 22; and (2) Defendants Janelle Charlery, Liberty County School District and Board of Education,

---

[1] The correct name for this entity is the Liberty County Sheriff's Office, but the Court will refer to this entity as the parties do, i.e., as the Liberty County Sheriff's Department.

Warnella Wilder, and Glenn Wilson's Motion to Dismiss Plaintiffs' Amended Complaint, dkt. no. 23. These motions have been fully briefed and are ripe for review. For the reasons stated below, the motions are **DENIED** at this time.

Plaintiffs first filed this action on September 12, 2018. Dkt. No. 1. Thereafter, Defendants Liberty County Sheriff's Department, Liberty County, Georgia, M. Gary Richardson, and Steve C. Sikes moved to dismiss the Complaint. Dkt. No. 8. The Court denied that motion, but in the order denying the motion, the Court found that Plaintiffs' Complaint was an impermissible shotgun pleading. Dkt. No. 17. Instead of dismissing the Complaint, the Court granted Plaintiffs leave to amend so that they could fix the deficiencies identified by the Court. Plaintiffs elected to amend the Complaint and thereafter filed an Amended Complaint. Dkt. No. 19.

Unfortunately, the Amended Complaint fares the same fate because the Amended Complaint does not specify whether the individual (i.e., non-entity) Defendants are being sued in their individual or official capacities. The Eleventh Circuit has stated that "when a complaint does not clearly specify whether state officials are being sued in their individual capacities, in their official capacities, or both, often the course of the proceedings will indicate the nature of the liability sought to be imposed." Fitzgerald v. McDaniel, 833 F.2d 1516, 1520 (11th Cir. 1987)

AO 72A
(Rev. 8/82)

(citing Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985)). While one would think that such is the case here where Plaintiffs sued the Sheriff's Department, the County, the School District, and the School Board, while also suing officials of these entities,[2] Plaintiffs' brief in response to Defendants Liberty County Sheriff's Department, Liberty County, Georgia, M. Gary Richardson, and Steve C. Sikes' Motion to Dismiss makes clear that this is not the case. Plaintiffs state multiple times in that brief that they are suing Sheriff Sikes in his individual and official capacities. See, e.g., dkt. no. 29 at 10 ("Plaintiffs' claims against Sheriff Sikes are indeed lodged against him in both his individual and official capacities.").

Plaintiffs' failure to identify whether the individual Defendants are being sued in their individual capacity or official

---

[2] See M.R. v. Bd. of Sch. Comm'rs of Mobile Cty., No. CIV.A. 11-0245-WS-C, 2012 WL 2931263, at *2 (S.D. Ala. July 18, 2012) ("Plainly, then, extensive authorities illustrate the well-entrenched principle that suits against both an official in his or her official capacity and the entity that official represents are redundant and unnecessary."). To avoid redundancies, the only logical interpretation of the Amended Complaint is that Plaintiffs wished to sue the individual Defendants in their individual capacities. For instance, several of the § 1983 Counts in the Amended Complaint are against both Sheriff Sikes and the Liberty County Sheriff's Department. This is redundant because a claim against Sheriff Sikes in his official capacity as Sheriff of Liberty County is the same as a claim against the Liberty County Sheriff's Department. See Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) ("[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.'") (quoting Graham, 473 U.S. at 165).

AO 72A
(Rev. 8/82)

capacity, or both, in conjunction with Plaintiffs' revelation in their response brief to one of the present motions that they are suing Sheriff Sikes in both capacities, makes Plaintiffs' Amended Complaint a shotgun pleading. See Pinkston v. Univ. of S. Fla. Bd. of Trustees, No. 8:15-CV-1724-T-33TBM, 2016 WL 3196474, at *6 (M.D. Fla. June 9, 2016) ("A complaint that does not specify whether a defendant is sued in their individual or official capacities, or both, is a deficient shotgun pleading.") (citing Thorn v. Randall, No. 8:14-cv-862-T-36MAP, 2014 WL 5094134, at *2 (M.D. Fla. Oct. 24, 2014)). Thus, the Court must either dismiss Plaintiffs' claims with prejudice or give Plaintiffs another chance to file a permissible pleading. See U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader."); see also Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds."). In the interests of justice, the Court chooses the latter option.

The Court also notes that Plaintiffs agree in their response briefs to the present motions that many of their claims are without

AO 72A
(Rev. 8/82)

merit. If Plaintiffs choose to file a second amended complaint, Plaintiffs should not replead these meritless claims.

For these reasons, Defendants Liberty County Sheriff's Department, Liberty County, Georgia, M. Gary Richardson, and Steve C. Sikes' Motion to Dismiss Plaintiffs' Amended Complaint, dkt. no. 22, is **DENIED** at this time. Defendants Janelle Charlery, Liberty County School District and Board of Education, Warnella Wilder, and Glenn Wilson's Motion to Dismiss Plaintiffs' Amended Complaint, dkt. no. 23, is **DENIED** at this time. Plaintiffs shall have leave to **AMEND** the Amended Complaint within **SEVEN DAYS** from the date of this Order.

**SO ORDERED**, this 11th day of April, 2019.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA